Argued February 2, reversed and remanded March 17, 1971

BECK, *Appellant, v.* AICHELE ET UX,
*Respondents.*
482 P2d 184

*Reuben Lenske*, Portland, argued the cause and filed a brief for appellant.

*Marvin S. Nepom*, Portland, argued the cause and filed a brief for respondents.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, TONGUE, and HOWELL, Justices.

HOLMAN, J.

Plaintiff, as an assignee of a contractor, brought an action to collect a claim allegedly due from defendants to the contractor. Plaintiff appealed from a judgment of dismissal resulting from an order of involuntary nonsuit which was entered at the close of plaintiff's opening statement.

The contractor remodeled defendants' home and it is alleged that defendants still owe him $2,587.96 on

the contract. Plaintiff did some of the work for the contractor on defendants' home and the contractor still owes him $400 for the work. The contractor assigned his entire claim against defendants to plaintiff with the understanding that plaintiff would retain $400 of the money collected from defendants in satisfaction of the contractor's debt to plaintiff and would remit the balance to the contractor.

Plaintiff's attorney made an opening statement in which he substantially recounted the above facts as the basis for his cause of action. Thereupon, the trial court granted an involuntary nonsuit upon the basis of the opening statement. The sole question in the case is whether plaintiff is barred from enforcing collection of the claim because he is not licensed as a collection agency under the provisions of ORS ch 697.

ORS 697.030, which was the basis for the trial court's ruling, states, in part, as follows:

"No person other than a collection agency licensed and authorized under ORS 697.010 to 697.041, 697.061 to 697.270, 697.290 and 697.440 to 697.470 shall:

"* * * * *.

"(2) Within this state collect claims for others.

"* * * * *.

"(5) Seek to make collection or obtain payment of any claim on behalf of another."

Plaintiff contends that he is exempt from the provisions of ORS 697.030 by virtue of ORS 697.020 (4). That section provides:

"As used in ORS 697.010 to 697.041, 697.061 to 697.270, 697.290 and 697.440 to 697.470, the term 'collection agency business' does not include attorneys at law who do not specialize in collections, licensed real estate brokers residing in this state

when engaged in the regular practice of their respective professions, nor banks, trust companies, building and loan associations, savings and loan associations, consumer finance companies, industrial loan companies, abstract companies doing an escrow business, *individuals or firms who purchase or take accounts receivable for collateral purposes,* individuals regularly employed on a regular wage or salary in the capacity of credit men or in other similar capacity upon the staff of employes of only one person, one firm or one corporation not engaged in the business of a collection agency, express companies and telegraph companies doing business subject to public supervision and regulation, any public officer or any person acting under an order of court." (Emphasis supplied.)

Plaintiff's position is that the contractor's claim against defendants was assigned to plaintiff as security for his claim against the contractor. Therefore, plaintiff submits that he has taken the claim for purposes of collateral and, thus, is protected by ORS 697.020 (4).

The obvious purpose of ORS 697.020 (4) is to exempt the specified parties and institutions from the licensing requirements of the collection agency statute. By so providing, it would seem that the legislature intended that these parties be able to collect claims for others, even if they did not qualify as collection agencies. However, read literally, the language of the statute does not conform with this apparent intention. ORS 697.020 (4) provides that the listed parties and institutions are not included in the term "collection agency." ORS 697.030 states that "[n]o person other than a collection agency * * * shall" collect claims for others. Thus, literally, one who takes an account receivable for collateral purposes is not a collection

agency, and only a collection agency can collect claims for others. The effect of so reading these sections, then, is to create a monopoly on collections in favor of licensed collection agencies. In light of our everyday knowledge and common sense, this interpretation is absurd.

■ It is a fundamental canon that

"\* \* \* [I]t is the duty of the court in construing a statute to ascertain the intention of the Legislature and to refuse to give literal application to language when to do so would produce 'an absurd or unreasonable result,' but, rather, 'to construe the act, if possible, so that it is a reasonable and workable law and not inconsistent with the general policy of the Legislature \* \* \*.' Fox v. Galloway, 174 Or 339, 347, 148 P2d 922, \* \* \*." *Pacific P & L v. Tax Com.*, 249 Or 103, 110, 437 P2d 473 (1968).

■ Applying this rule of statutory construction to the present case, ORS 697.020 (4) should be read as exempting the listed persons and institutions from the necessity of becoming a licensed collection agency in order to collect claims for others which are incidental to the businesses or purposes set forth. The issue in this case, then, involves a determination of whether plaintiff has taken this claim for collateral purposes within the meaning of ORS 697.020 (4).

■■ The ultimate issue being a factual question as to the purpose of the assignment and the judgment having been granted pursuant to an involuntary nonsuit, the following language is appropriate:

"When the court passes upon a motion for involuntary nonsuit made before presentation of the evidence at trial, plaintiff is entitled to every reasonable conjecture as to what the evidence might

show as long as it is not inconsistent with the evidence described in the opening statement. \* \* \* Only in rare situations should a case be decided upon the basis of an opening statement \* \* \*." (footnote omitted.) *Palmer v. Murdock et al*, 233 Or 334, 343, 378 P2d 271 (1963).

In his opening statement, plaintiff's counsel stated that

"Mr. Beck did some of the work on a rather substantial large contract for Mr. and Mrs. Aichele and he had a balance coming of somewhere near four hundred dollars with interest and he was one of the—maybe the only one—person who wasn't paid for his job by Mr. Gartrell [the contractor] and \* \* \* *Mr. Gartrell assigned his claim to him so that the first monies that are received out of the job will be paid to Mr. Beck.*" (Emphasis added.)

Counsel's statement as to the nature of the assignment is not inconsistent with plaintiff's position that the purpose of the assignment was to secure the contractor's debt to plaintiff. Accordingly, plaintiff should be allowed to introduce evidence to show that the assignment was given as collateral and that, as a result, he is prosecuting this claim for the purpose of recovering the $400 due to him.

■ The suggestion has been made that the entire statutory scheme was intended to apply only to those persons and corporations actively engaged in the collection agency business. This position does not appear to be tenable in view of the statutory history. The law previously so provided but has been changed. OC 63-1301 (1935 Supp) provided as follows:

"It shall be unlawful for any person, firm, corporation or association to conduct a collection agency in this state, or to collect, or undertake to

collect or solicit the right to collect, for another, *as a part of his regular business, for compensation,* any account, bill or other indebtedness, or advertise, or assume to act as a collector, without first obtaining the license provided for in this act; but nothing herein contained shall be construed to require the employees of a licensed collection agency or licensed collector to procure a license." (Emphasis added.)

The italicized language was deleted by Or Laws 1941, ch 260, § 6, and the statute was made to read substantially as ORS 697.030 does now.

The judgment of the trial court is reversed and the case is remanded for a new trial consistent with this opinion.