Argued March 10, reversed April 19, 1977

# TRI CITY BUILDING CENTER, INC.,
*Respondent,*

*v.*

# WILLIAMS et al, *Defendants,*
# COLUMBIA MORTGAGE COMPANY, *Appellant.*
## (No. 417-281, SC 24588)

562 P2d 1218

Carlton D. Warren, Portland, argued the cause for appellant. With him on the briefs were Timothy J. Vanagas and Solomon, Warren, Killeen & Kirkman, Portland.

Robert Lohman, West Linn, argued the cause and filed the brief for respondent.

Before Denecke, Chief Justice, and Bryson, Linde and O'Connell, Justices.

O'CONNELL, Justice Pro Tempore.

**O'CONNELL, J.,** Pro Tempore.

This is a suit brought by a subcontractor to foreclose its own lien and also to foreclose a lien assigned to it by Maiden Brothers Masonry, another subcontractor who performed work on the same construction job. Defendant Columbia Mortgage Company contended that the plaintiff could not sue to recover on the assigned lien because it fell within the proscription of ORS 697.030. The trial court held otherwise, and defendant appeals.

ORS 697.030 provides as follows:

"No person other than a billing agency, factoring agency or collection agency licensed and authorized under ORS 697.010 to 697.470 shall:

"* * * * *

"(2) Within this state bill or collect claims for others

"* * * * *

"(5) Seek to make billing and collection or obtain payment of any claim on behalf of another."

This statute has been interpreted in *Beck v. Aichele,* 258 Or 245, 482 P2d 184 (1971), to apply to an assignment of a claim by a contractor to a subcontractor who also had a claim against the defendant arising out of the same construction job, unless the assignment falls within one of the exceptions specified in ORS 697.020(4).[1]

---

[1] ORS 697.020(4) provides:

"As used in ORS 697.010 to 697.470, the terms 'billing service,' 'factoring service,' or 'collection agency business' do not include attorneys at law, certified public accountants or licensed public accountants who do not specialize in collections, persons, firms or businesses who purchase accounts without recourse, licensed real estate brokers residing in this state when engaged in the regular practice of their respective professions, nor banks, trust companies, building and loan associations, savings and loan associations, consumer finance companies, industrial loan companies, abstract companies doing an escrow business, individuals regularly employed on a regular wage or salary in the capacity of credit men or in other similar capacity upon the staff of employes of only one person, one firm or one corporation not engaged in the business of a billing, factoring or collection agency, express companies and telegraph companies doing

*Beck v. Aichele, supra,* also interprets ORS 697.030 as not being limited to those actively engaged in the collection agency business.

■ It follows that unless the present case falls within one of the exceptions specified in ORS 697.020(4), plaintiff is precluded from bringing suit on the assigned claim.

Plaintiff attempts to bring itself within the exception "* * * of attorneys at law * * * who do not specialize in collections * * *." Obviously, plaintiff is not an attorney at law. But plaintiff would have us hold that it was the "alter ego" of the attorney and that "[t]he clients are acting as the attorney's second self." We are unable to follow the reasoning by which this metamorphosis purportedly occurs. The relationship between plaintiff and its attorney in this case is no different than the attorney-client relationship in the usual case, which, to our knowledge, has never been regarded as putting the client in the position of the attorney's alter ego.

Next, plaintiff argues that the transaction falls within the exception which permits assignees to sue if they are "* * * individuals or firms who purchase or take accounts receivable for collateral purposes * * *." Former ORS 697.020(4). This exception was removed from the statute in 1975 (Oregon Laws 1975, ch 364, § 2). Assuming without deciding that the present suit was filed before the effective date of the Act, as plaintiff contends, we hold that the exception does not apply to the facts of this case. There was nothing in the assignment of the claim which would indicate that it was intended as collateral to secure an obligation owed by Maiden Brothers to plaintiff. The

_____

business subject to public supervision and regulation, any public officer or any person acting under an order of court."

Although ORS 697.020(4), read literally, presents difficulties in construing it as an exemption statute, *Beck v. Aichele,* 258 Or 245, 482 P2d 184 (1971), so construed it.

assignment was made simply to reduce the expenses of litigation. This is a commendable objective, but it does not serve to bring the transaction into the statutory exception.

■ Finally, plaintiff contends that the assignment falls within the exception in ORS 697.020(4) excluding "* * * persons, firms or businesses who purchase accounts without recourse * * *." We interpret this exception to apply only to the case where a bill or note is endorsed "without recourse."[2]

■ Plaintiff argues that the phrase "without recourse" should also be given the meaning of "with finality or conclusively," relying upon *Halvorson v. Blue Mt. Prune Growers Co-op.,* 188 Or 661, 214 P2d 986, 217 P2d 254 (1950). In that case the term was used in a building contract which provided that "[t]he Architect shall, without recourse define the true intent and meaning of the drawings and specifications." 188 Or at 671. The court held that "without recourse" in that context meant "with finality" or "conclusively." We do not think that the term "without recourse" as used in the statute was intended to have this meaning.

We find no basis for treating the assignment in the present case as falling within any of the exceptions specified in ORS 697.020(4), and that being so, plaintiff is precluded under ORS 697.030. We agree with plaintiff that the assignment of claims for the purpose of consolidating them in one suit would tend to facilitate the litigation of claims and thus benefit both the litigants and the courts, but these are considerations which we must assume the legislature considered and rejected in making the proscriptions in ORS 697.030.

The decree of the trial court is reversed.

---

[2] " 'Without recourse' is a technical expression used as a form of qualified indorsement of a bill of exchange or promissory note." *Halvorson v. Blue Mt. Prune Growers Co-op.,* 188 Or 661, 673, 214 P2d 986, 217 P2d 254 (1950).